IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MAXIMILIANO CABRERA                             :
5423 Sheffield Court                            :
Apt. 112                                        :
Alexandria, Virginia 22311                      :
                                                :  Civil Action No.
    Plaintiff,                               :
                                                :
v.                                              :
                                                :
B&H NATIONAL PLACE, INC.                        :
1825 I Street, NW                               :
Lower Level                                     :
Washington, DC 20006                            :
                                                :
    Serve:  Resident Agent                   :
                Ha Na Cho                       :
                1825 I Street, NW               :
                Lower Level                     :
                Washington, DC 20006            :
                                                :
and                                             :
                                                :
HA NA CHO                                       :
1825 I Street, NW                               :
Lower Level                                     :
Washington, DC 20006                            :
                                                :
    Defendants.                              :

## **COMPLAINT**

Plaintiff, Maximiliano Cabrera ("Plaintiff"), by and through his attorneys, Mary Craine Lombardo and Stein Sperling Bennett De Jong Discoll PC, hereby files his Complaint against B&H National Place, Inc. and Ha Na Cho (collectively "Defendants"), under the D.C. Wage Payment and Collection Law ("DCWPCL"), D.C. ST § 32-1301, *et seq.*, the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the D.C. Wage Revision Act ("DCMWRA") D.C. ST §32-1003, *et seq.*, stating as follows:

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

3815103_2

## INTRODUCTION

Plaintiff worked for Defendants as a food preparer at the "Five Guys" restaurant owned and operated by Defendants. Plaintiff was paid at the same hourly rate for all hours worked. He worked on average fifty-six hours per week and was not paid at the required overtime rate of one and a half times his regular hourly wage as required by D.C. and federal law. Defendants have willfully violated the clear and well-established overtime provisions of the DCMWRA and the FLSA. Plaintiff seeks compensatory and statutory damages for all unpaid overtime compensation, as well as attorneys' fees and costs.

## JURISDICTION & VENUE

1. This Court has subject matter jurisdiction over the causes of action alleged in this Complaint pursuant to 28 U.S.C. §§ 1331 and 1367, and 29 U.S.C. § 216.

2. Venue is proper pursuant to 28 U.S.C. § 1391.

## PARTIES

3. Plaintiff is an adult resident of Virginia.

4. Defendant B&H National Place, Inc. ("B&H National Place") is a D.C. corporation.

5. Defendant Ha Na Cho is the owner of B&H National Place.

6. At all times material herein, Defendants, in the aggregate and as a single enterprise, had annual gross volume of sales made or business done in an amount exceeding $500,000.

7. Each Defendant is an "employer" within the meaning of the FLSA, the DCMWRA, and the DCWPCL.

8. Defendants have at least two or more employees who are engaged in commerce, handle, sell or otherwise work on goods or materials that have moved in or were produced for

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

3815103_2

commerce. Defendants negotiate and purchase from producers and suppliers who operate in interstate commerce and serve customers in interstate commerce.

9. At all times relevant, Defendants constituted an "enterprise" within the meaning of 29 U.S.C. § 203(r).

10. Defendant Ha Na Cho controlled the day to day operations of B&H National Place, Inc.

11. Defendant Ha Na Cho had the power to hire, fire, suspend, and discipline Plaintiff.

12. Defendant Ha Na Cho supervised Plaintiff directly or indirectly.

13. Defendant Ha Na Cho directly or indirectly set and controlled Plaintiff's work schedule or had the power to do so.

14. Defendant Ha Na Cho directly or indirectly set and determined the rate and method of Plaintiff's pay or had the power to do so.

15. The District Court of the District of Columbia has made clear that individual employers are liable regardless of corporate shields under the FLSA and the DCWPCL if the employer met the economic reality test for "control." *Ventura v. Bebo Foods, Inc.*, 2738 F. Supp.2d 1, 5 (2010).

16. Defendant Ha Na Cho would be considered an employer for purposes of individual liability because of his intrinsic involvement in the business.

## FACTS

17. Plaintiff was employed by Defendants as a food preparer from July 1, 2011 through July 24, 2014 (the "Employment Period").

18. Plaintiff worked for Defendants and was paid at various rates during the Employment Period. From July 1, 2011 through November 1, 2011 he was paid at an hourly rate

STEIN SPERLING BENNETT DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

of $7.50 per hour; from November 2, 2011 through July 1, 2013 he was paid at a rate of $8.25 per hour; and from July 2, 2013 through July 24, 2014 he was paid at a rate of $9.50 per hour.

19. He worked an average of fifty-six hours per week and was never compensated at the required overtime rate, of one and one half times his regular hourly rate, for those hours worked over forty hours.

20. Plaintiff is owed approximately $10,136.00 in unpaid overtime wages.

21. Plaintiff is owed unpaid overtime wages that Defendants willfully failed and refused to pay to Plaintiff in violation of D.C. and federal law.

22. Federal law requires that "Every employer employing any employees subject to the Act's minimum wage provisions shall post and keep posted a notice explaining the Act, as prescribed by the Wage and Hour Division, in conspicuous places in every establishment where such employees are employed so as to permit them to observe readily a copy." *See* 29 C.F.R. § 516.4.

23. Defendants failed to post the required statutory FLSA notice.

24. By statute, Defendants are required to maintain records which document the number of days Plaintiff worked. 29 U.S.C. §211.

25. The precise number of hours worked, and wages owed, should be revealed through discovery.

26. Defendants knowingly and intentionally violated Plaintiff's rights under D.C. and federal law.

## COUNT I
## (FLSA)

27. Plaintiff adopts herein by reference paragraphs 1 through 26 above as if fully set forth herein.

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

3815103_2

28. Defendants were required to pay Plaintiff compensation at the rate of one and a half times his regular hourly rate for all hours worked in excess of forty hours per week. *See* 29 U.S.C. § 207(a)(2).

29. Throughout the Employment Period, Defendants failed to compensate Plaintiff at the rate of one and a half times his regular hourly rate for all hours worked in excess of forty hours per week.

30. Defendants' actions complained of herein constitute a willful violation of Section 207 of the FLSA.

31. Defendants' violation makes them liable to Plaintiff for all unpaid overtime compensation and an additional equal amount as liquidated damages.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment against Defendants, jointly and severally, in his favor in an amount to be determined at trial, but not less than $20,272.00, which is two times the overtime compensation owed, reasonable attorneys' fees and costs, and such other and further relief as the Court deems just and proper.

## COUNT II
### (Violation of the D.C. Minimum Wage Revision Act)

32. Plaintiff adopts herein by reference paragraphs 1 through 26 above as if fully set forth herein.

33. Defendants were required to pay Plaintiff one and a half times his regular hourly rate for hours worked in excess of forty hours per week. *See* D.C. ST §32-1012.

34. Throughout the Employment Period, Defendants failed to properly pay Plaintiff overtime required by the DCMWRA.

35. Unpaid wages are due and owing to Plaintiff by Defendants.

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

5

3815103_2

36. Defendants' failure and refusal to comply with their obligations under the DCMWRA was willful and not in good faith.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment against Defendants, jointly and severally, in favor of Plaintiff in an amount to be determined at trial, but not less than $10,136.00 and to grant to Plaintiff his reasonable attorneys' fees and costs, and such other and further relief as the Court deems just and proper.

### COUNT III
### (Violation of the D.C. Wage Payment and Collection Law)

37. Plaintiff adopts herein by reference paragraphs 1 through 26 above as if fully set forth herein.

38. Defendants were required to pay Plaintiff one and a half times his regular hourly rate for hours worked in excess of forty hours per week. *See* D.C. ST §32-1012.

39. While employed by Defendants, Plaintiff worked overtime hours that were not properly compensated by Defendants as required by the DCWPCL.

40. Unpaid overtime wages are due and owing to Plaintiff by Defendants.

41. Defendants' failure and refusal to comply with their obligations under the DCWPCL was not due to any bona fide dispute, and was therefore willful and not in good faith.

WHEREFORE, Plaintiff respectfully requests this Honorable Court to enter judgment against Defendants, jointly and severally, in favor of Plaintiff in an amount to be determined at trial, but not less than $30,408.00, which is approximately three times the wages owed; and to grant to Plaintiff his reasonable attorneys' fees and costs and such other and further relief as the Court deems just and proper.

.

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

6

3815103_2

Respectfully submitted,

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC


By:     /s/ *Mary Craine Lombardo*
Mary Craine Lombardo (495881)
25 West Middle Lane
Rockville, Maryland 20850
(301) 340-2020
(301) 354-8126 – fax
mlombardo@steinsperling.com

*Attorneys for Plaintiff*

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

7

3815103_2