**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **Maximiliano Cabrera,** )<br>)<br>    **Plaintiff,** )<br>)<br>        v. )<br>)<br>**B&H National Place, Inc.,** *et al.***,** )<br>)<br>    **Defendant.** )<br>) | Civil No. 14-cv-01885 (APM) |

**MEMORANDUM OPINION AND ORDER**

**I.    INTRODUCTION**

Plaintiff Maximiliano Cabrera was employed as a food preparer at a Five Guys restaurant located in the District of Columbia and owned by Defendants B&H National Place, Inc., and Ha Na Cho.  According to his Complaint, Plaintiff worked at Five Guys for over three years, from July 1, 2011, to July 24, 2014, during which time Defendants did not pay him statutorily mandated overtime wages.  Plaintiff filed suit under the Fair Labor Standards Act, the D.C. Wage Payment and Collection Law, and the D.C. Wage Revision Act, seeking to recover unpaid overtime pay, as well as liquidated damages available under the statutes.  Defendants have moved to dismiss, arguing, first, that Plaintiff's allegations do not support a "willful" violation of the FLSA and, second, that they lack particularity to support his demand for unpaid overtime wages.  Defendants also argue that Plaintiff's statutory claims should be dismissed because he has not filed with the court a "written consent" to bring suit.  And, finally, Defendant Cho seeks dismissal on the ground that she cannot be held individually liable for the alleged wage law violations.

Having considered each of Defendants' arguments, the court concludes that none are meritorious. Defendants' Motion to Dismiss is therefore denied.

## II.  BACKGROUND

Plaintiff worked as a food preparer at a Five Guys restaurant from July 1, 2011, through July 24, 2014. Compl., ECF No. 1, ¶ 17. During the relevant period, the Five Guys restaurant was owned by Defendant B&H National Place, which in turn was owned by Defendant Ha Na Cho. *Id.* ¶¶ 4-5. Defendant Cho controlled the day-to-day operations of B&H National Place and, either directly or indirectly, set Plaintiff's work schedule, fixed his hourly wage, and had authority to supervise and discipline him. *Id.* ¶¶ 10-14.

Plaintiff alleges that, during his employment, he worked an average of 56 hours per week, but Defendants did not compensate him for the time he worked in excess of 40 hours per week at the statutorily required rate—one-and-a-half times his hourly wage. *Id.* ¶¶ 18-19; *see* 29 U.S.C. § 207 (2010). Based on his hourly rate and the number of overtime hours worked, Plaintiff estimates that, over three years, his unpaid overtime wages exceeded $10,000. *Id.* ¶¶ 18-20.

## III.  LEGAL STANDARD

In evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court must accept a plaintiff's factual allegations as true and "construe the complaint 'in favor of the plaintiff, who must be granted the benefit of all inferences that can be derived from the facts alleged.'" *Hettinga v. United States*, 677 F.3d 471, 476 (D.C. Cir. 2012) (quoting *Schuler v. United States*, 617 F.2d 605, 608 (D.C. Cir. 1979). The court need not accept as true "a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or "inferences . . . unsupported by the facts set out in the complaint," *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The factual allegations in the complaint need not be "detailed"; however, the Federal Rules demand more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citing *Twombly*, 550 U.S. at 555). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). If the facts as alleged fail to establish that a plaintiff has stated a claim upon which relief can be granted, a court must grant defendant's Rule 12(b)(6) motion. *See Am. Chemistry Council, Inc. v. U.S. Dep't of Health & Human Servs.*, 922 F. Supp. 2d 56, 61 (D.D.C. 2013).

### IV.    DISCUSSION

####    A.    Fair Labor Standards Act Claim

Defendants first argue that Plaintiff's Fair Labor Standards Act ("FLSA") claim should be dismissed because he "merely makes conclusory allegations and provides no facts upon which a reasonable inference can be drawn that any alleged failure to pay overtime was willful" and "[a] willful violation *is required* under the FLSA." Defs.' Mot. to Dismiss, ECF No. 5, at 2 (emphasis added). Defendants' argument fundamentally misconstrues the elements of an FLSA claim.

The FLSA provides that "no employer shall employ any of his employees . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1). To make out an FLSA violation,

an employee need only "'prove[ ] that he has in fact performed work for which he was improperly compensated.'" *Figueroa v. District of Columbia*, 633 F.3d 1129, 1134-35 (D.C. Cir. 2011) (quoting *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946)). Thus, an FLSA claim consists of only two elements: (1) performance of work and (2) improper compensation. *Id.* at 1135; *see also Bilal-Edwards v. United Planning Org.*, 15 F. Supp. 3d 1, 17 (D.D.C. 2013) (identifying two elements); *Figueroa v. District of Columbia*, 923 F. Supp. 2d 159, 168 (D.D.C. 2013) (same). An employee therefore need not, as Defendants argue, allege facts supporting a "willful" violation to successfully plead an FLSA claim. *Cf. Ledbetter v. Goodyear Tire & Rubber Co.*, 550 U.S. 618, 641 (2007) (observing that "an FLSA minimum wage or overtime claim does not require proof of a specific intent to discriminate").

Though not required to establish a violation, proof of an employer's intent is relevant under the FLSA in two pertinent respects. First, proof of intent is relevant to determining the ultimate damages award. An employer who violates the overtime provision of the FLSA "shall be liable to the employee or employees affected in the amount of their . . . unpaid overtime compensation . . . and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). However, "if the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the [FLSA] . . . the court may, in its sound discretion, award no liquidated damages." 29 U.S.C. § 260. Thus, an employer may not avoid liability under the FLSA based on its state of mind but may assert a lack of intent as an affirmative defense for the purpose of mitigating damages.

Proof of intent also is relevant under the FLSA for statute of limitations purposes. The FLSA provides two different limitations periods. The default limitations period is two years.

4

29 U.S.C. § 255(a).  For "willful violation[s]," however, the limitations period is three years.  *Id.*  The Supreme Court has defined "willful" in this context to mean "that the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute."  *McLaughlin v. Richard Shoe Co.*, 486 U.S. 128, 133 (1988).

Defendants seem to make two arguments stemming from these principles.  First, they write that "[n]o facts have been pled to raise an inference of a willful violation, and thus the attempt to include three years of overtime disputes should fail."  Defs.' Mot. to Dismiss at 3.  The court understands Defendants to be asserting that, to the extent Plaintiff has brought claims for unpaid overtime wages that accrued more than two years before the filing of the complaint, those claims are time-barred.  However, "because statute of limitations issues often depend on contested questions of fact, dismissal is appropriate only if the complaint on its face is conclusively time-barred."  *Firestone v. Firestone*, 76 F.3d 1205, 1209 (D.C. Cir. 1996) (citation omitted).  Indeed, the Court of Appeals long ago cautioned against granting motions to dismiss on statute of limitations grounds.  *See Richards v. Mileski*, 662 F.2d 65, 73 (D.C. Cir. 1981).

Here, the court cannot conclude from the face of the complaint that the FLSA's two-year limitations period for non-willful violations necessarily applies, thereby barring older claims.  Through discovery, Plaintiff may be able to develop facts showing that Defendants either knew or showed reckless disregard as to whether their alleged non-payment of overtime wages was prohibited by the FLSA.  For instance, Plaintiff alleges that Defendants failed to post the mandated FLSA notice in the workplace.  Compl. ¶¶ 22-23.  Proof establishing the truth of that allegation, plus other evidence, might be enough to demonstrate willfulness.  *See, e.g.*, *Ayala v. Tito Contractors, Inc.*, 82 F. Supp. 3d 279, 286 (D.D.C. 2015) ("Knowing that the FLSA applies and 'simply decid[ing] not to comply' . . . is an example of a willful violation.") (citation omitted).

Defendants further assert that "the pleading is also inadequate in describing the underlying overtime deficiency from which liquidated damages are sought." Defs.' Mot. to Dismiss at 3. To the extent Defendants are arguing that Plaintiff has failed to plead facts to support liquidated damages, Defendants have it backwards. Under the FLSA, "the employee need not establish an intentional violation of the Act to recover liquidated damages. Instead, the employer must affirmatively establish that he acted in good faith by attempting to ascertain the Act's requirements." *Williams v. Tri-Country Growers, Inc.*, 747 F.2d 121, 129 (3d Cir. 1983), *abrogated on other grounds by Martin v. Cooper Elec. Supply Co.*, 940 F.2d 896, 908 n.11 (3d Cir. 1991). Thus, an employee does not need to do anything more than allege a violation of the FLSA to qualify for liquidated damages under the Act. An employee is not required, as Defendants seem to suggest, to plead facts that anticipate and negate a good faith defense to defeat a motion to dismiss. *See, e.g., Gomez v. Toldeo*, 466 U.S. 635, 640 (1980) (finding "no basis for imposing on the plaintiff an obligation to anticipate [an affirmative] defense by stating in his complaint" its negative); *Bausch v. Stryker Corp.*, 630 F.3d 546, 561 (7th Cir. 2010) (stating that "pleadings need not anticipate or attempt to circumvent affirmative defenses"); *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 601 n.10 (8th Cir. 2009) ("[A] plaintiff need not plead facts responsive to an affirmative defense before it is raised."); *see also* Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1276 (3d ed. 2004) (stating that the plaintiff is "not under any obligation to plead on the subject of [ ] anticipated defense[s]").

Alternatively, even if Defendants mean to argue that the Complaint fails to adequately plead an overtime payment deficiency more generally, they still are mistaken. Plaintiff has alleged that he worked an average of 56 hours per week during his three years of employment; that Defendants did not compensate him for the time he worked in excess of 40 hours per week at

6

statutory overtime rate; and that the estimated unpaid amount in overtime wages is more than $10,000. *Id.* ¶¶ 18-20. That is all that Plaintiff needs to plead to make out a failure-to-pay-overtime claim under the FLSA. *See Figueroa*, 633 F.3d at 1134-35; *Bilal-Edwards*, 15 F. Supp. 3d at 17.

### B. District of Columbia Statutory Claims

Defendants next argue that Plaintiff's claims under the D.C. Wage Payment and Collection Law ("Wage Payment Law") and the D.C. Wage Revision Act ("Wage Revision Act") must be dismissed because "no employee is permitted to sue for overtime violations [under those statutes] without written consent that is filed in the court where the action is brought" and the Plaintiff in this case has not filed such written consent. Defs.' Mot. to Dismiss at 4. Defendants' argument, however, is predicated on a flawed reading of the Wage Revision Act.

In support of their argument, Defendants cite only to D.C. Code § 32-1012(b) (2014) of the Wage Revision Act. Defs.'s Mot. to Dismiss at 4. At the time Plaintiff filed suit[1] that statute provided in full:

> Action to recover damages sued for under this subchapter may be maintained in any court of competent jurisdiction in the District of Columbia by any 1 or more employees *for and on behalf of the employee and other employees who are similarly situated*. No employee shall be a party plaintiff to any action brought under this subchapter unless the employee gives written consent to become a party and the written consent is filed in the court in which the action is brought.

D.C. Code § 32-1012(b) (2014) (emphasis added). The "written consent" provision of the Wage Consent Act, on which Defendants' rely, plainly applies only to class actions; it does not apply to actions brought, as here, by a single plaintiff on his own behalf. *See also Driscoll v. George Washington Univ.*, 938 F. Supp. 2d 19, 23 (D.D.C. 2013) (observing that the "written consent"

---

[1] Effective February 26, 2015, *after* Plaintiff filed suit, the "written consent" requirement was eliminated from the Wage Revision Act. *See* D.C. Code § 32-1012(b) (2015); D.C. Law 20-157, § 3(i), 61 DCR 10157.

requirement is an "opt-in" provision that restricts an employee's ability to represent a class). Plaintiff therefore was not required to file a written consent with the court before filing suit.

### C. Defendant Cho's Motion

Defendant Cho also moves to dismiss the claims against her on the ground that she cannot be held personally liable for unpaid overtime wages. Defs.' Mot. to Dismiss at 1-2. To that end, Defendant Cho has submitted a sworn affidavit contesting Plaintiff's factual allegations that she had "operational control" over Five Guys and its employees. *Id.*; Decl. of Ha Na Cho, ECF No. 5-2; *see Ruffin v. New Destination*, 800 F. Supp. 2d 262, 269 (D.D.C. 2011) ("The overwhelming weight of authority is that a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages.") (citation omitted) (internal quotation marks omitted). She contends that the "presumption that the Court must accept these allegations as true is refuted by the attached Declaration." Defs.' Mot. to Dismiss at 1.

But it would be improper at this juncture to dismiss Plaintiff's claims against Defendant Cho simply because she has denied them in an affidavit. As a general rule, if "matters outside the pleadings are presented to and not excluded by the court" on a Rule 12(b)(6) motion, "the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). Defendant Cho does not dispute this general rule; to the contrary, she argues that the "filing submitted on behalf of Ha Na Cho should be treated as a motion for summary judgment." Defs.' Reply, ECF No. 7, at 1.

A court cannot, however, convert a Rule 12(b)(6) motion into one for summary judgment unless the parties are "given a reasonable opportunity to present all the material that is pertinent to the motion." *Kim v. United States*, 632 F.3d 713, 719 (D.C. Cir. 2011) ("In converting the motion,

district courts must provide the parties with notice and an opportunity to present evidence in support of their respective positions."). Whether Defendant Cho had "operational control" over the Five Guys restaurant is necessarily a fact-intensive inquiry. But Plaintiff has not had the opportunity to take any discovery to establish Cho's individual liability. The court therefore will not, as Cho urges, convert her motion into one for summary judgment. *See Malloy v. Ass'n of State and Territorial Waste Mgmt. Officials*, 955 F. Supp. 2d 50, 54 (D.D.C. 2013).

Cho has not argued, under Rule 12(b)(6), that Plaintiff's individual liability claim is inadequately pled. The court therefore denies Cho's motion to the extent that she asserts it under Rule 12(b)(6).

## V.  CONCLUSION AND ORDER

For the reasons stated above, Defendants' Motion to Dismiss is denied. Defendants are ordered to file a responsive pleading consistent with Federal Rule of Civil Procedure 12(a)(4)(A).

Dated: September 28, 2015

Amit P. Mehta
United States District Judge